UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TOSHA WASHINGTON

VERSUS

UNDERWRITERS AT LLOYD'S LONDON

CIVIL ACTION

NO. 17-1524-SDD-EWD

**<u>NOTICE AND ORDER</u>**

On October 31, 2017, plaintiff, Tosha Washington ("Plaintiff"), filed a Complaint against defendant, Underwriters at Lloyd's, London ("Lloyd's" or "Defendant"), for damages allegedly arising from Defendant's breach of an insurance contract.[1] Plaintiff contends that Lloyd's issued a private flood insurance policy and that following long-duration flooding that caused damage to Plaintiff's insured property, Defendant failed to adequately compensate Plaintiff for covered losses.

Plaintiff asserts that this court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[2] Plaintiff alleges that she is "domiciled" in Louisiana. This is a sufficient allegation with respect to Plaintiff's citizenship.[3] However, with respect to Defendant, Plaintiff alleges that Lloyd's "is a foreign insurance company."[4] As explained herein, this is not an adequate allegation of Lloyd's citizenship, and also raises issues with respect to whether the amount in controversy requirement of 28 U.S.C. § 1332 can be met in this case.

---

[1] R. Doc. 1.

[2] Although Plaintiff explicitly alleges that the amount in controversy exceeds $75,000, R. Doc. 1, ¶ 1, as described herein, the naming of Lloyd's as the defendant raises particular issues regarding the amount in controversy.

[3] R. Doc. 1, ¶ 5. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient.").

[4] R. Doc. 1, ¶ 6.

1

"Lloyd's 'presents a unique structure for jurisdictional analysis.'"[5] As explained by the Fifth Circuit:

> Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's. Thus, a policyholder insures at Lloyd's but not with Lloyd's.
>
> The members or investors who collectively make up Lloyd's are called "Names" and they are the individuals and corporations who finance the insurance market and ultimately insure risks. Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment. Lloyd's requires Names to pay a membership fee, keep certain deposits at Lloyd's, and possess a certain degree of financial wealth. Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter. Typically hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint.

*Corfield v. Dallas Glan Hills, LP*, 355 F.3d 853, 857-858 (5th Cir. 2003) (internal quotations and citations omitted).

Based on this unique structure, courts in this Circuit have "found that when determining the diversity of citizenship of the parties in a case involving Lloyd's, the citizenship of all of the

---

[5] *NAG, Ltd. v. Certain Underwriters at Lloyd's London*, Civil Action No. 16-16728, 2017 WL 490634, at * 2 (E.D. La. Feb. 6, 2017) (quoting *McAuslin v. Grinnell Corp.*, Nos. 97-775, 97-803, 2000 WL 1059850, at *1 (E.D. La. Aug. 1, 2000) (*citing E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (internal quotations omitted))). *See also*, *Rips, LLC v. Underwriters at Lloyd's London*, Civil Action No. 14-1969, 2015 WL 2452339, at * 1 (E.D. La. May 21, 2015) ("Although the complaint alleges that Lloyd's is a foreign insurer doing business in Louisiana, this characterization is inaccurate.").

Names subscribing to the policy must be taken into consideration."[6] Additionally, "the amount in controversy must be established as to each Name subscribing to the policy."[7]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall file a Motion to Substitute the Complaint with a proposed comprehensive Amended Complaint that adequately: (1) identifies and alleges the citizenship of the appropriate defendant(s); and (2) sets out the amount in controversy. Plaintiff shall have twenty-one (21) days from the date of this Notice and Order to file the Motion to Substitute. No further leave of court is necessary to timely file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on April 16, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *NAG*, 2017 WL 490634, at * 4. *See also*, *Royal Ins. Co. of American v. Quinn-L Capital Corp.*, 3 F.3d 877, 883 (5th Cir. 1993) ("for purposes of determining whether diversity jurisdiction exists, we conclude that the members of a Lloyd's group are the underwriters alone."); *NL Industries, Inc. v. OneBeacon American Ins. Co.*, 3:05-CV-2264, 435 F.Supp.2d 558, 564 (N.D. Tex. June 8, 2006) ("In this case, NL sued Certain Underwriters at Lloyd's of London. As such, the suit is against each Name or Underwriter who is a subscriber to the polices in question….As NL has sued numerous Names, they are the 'real' parties to this action, and their citizenship must be distinctly and affirmatively set forth, or established by proof."); *Cannon v. ZV Sterling Ins. Agency*, Civil Action No. 09-819, 2010 WL 11538352 (M.D. La. April 6, 2010) ("a Syndicate is treated as an entity like a partnership, and the citizenship of each subscribing Name to that Syndicate therefore must be considered when determining the citizenship of that Syndicate…."); *Jefferson v. American Sugar Refining, Inc.*, Civil Action No. 10-4442, 2017 WL 894652, at * 3 (E.D. La. March 3, 2017) ("To establish diversity jurisdiction, Lloyd's must demonstrate that complete diversity exists between Plaintiffs and all five Names alleged by Plaintiffs to have underwritten policies for Lykes.").

[7] *NAG*, 2017 WL 490634, at * 4. *See also*, *Team One Properties LLC v. Certain Underwriters at Lloyd's London*, No. 08-30027, 281 Fed. Appx. 323, at * 1 (5th Cir. June 9, 2008) ("The risk of the $70,000 policy was divided among 4,435 underwriters. The district court found that Team One did not demonstrate that the amount in controversy against any completely diverse underwriter was in excess of the jurisdictional $75,000 exclusive of interest and costs. We agree."); *Rips,* 2015 WL 2452339, at * 2-3 (collecting cases requiring that the $75,000 minimum be met against each individual name).